Mr. Justice ClaytoN
delivered the opinion of the Court.
This was a bill filed on the Chancery side of the Circuit Court of Madison county, to enjoin proceedings under several judgments obtained by the appellant before a Justice of the Peace against the appellees as administrators. The Circuit Judge overruled the motion to dissolve the injunction, and the cause comes by appeal to this Court.
In support of the order of the Court below, it is contended that all the assets of a decedent are administered under the jurisdiction and control of the Probate Court, and that no other tribunal ought to interfere, by the rendition of judgment or otherwise ; that this is the true rule as well in cases of solvent, as of insolvent estates. In this instance there had been no suggestion of insolvency.
There is nothing in our statues which gives support to this position, and we regard it as wholly unsustainable. Various directions are given in the legislation on this subject, as to the character and management of suits against the estates of decedents ; but there is nothing which prohibits the trying of them, except their insolvency. H. & H. 410. This careful provision in regard to insolvent estates, *462 goes far to prove the law to be different as to those which are solvent. Our books of reports contain' numerous instances of suits against executors and administrators, all of which are wrong, if this new theo.ry be right.
The doctrine laid down in the class of cases referred to in the brief of the counsel for the appellees, is entirely inapplicable to the question. They were cases of bills filed on the part of creditors against executors or administrators, usually styled a creditor’s bill, or a bill of conformity. In such cases, after a decree, the Court of Equity takes upon itself the administration of the assets, and will not'permit any one to proceed at law, who had not obtained a judgment at law prior to the decree in Equity. But in the administration of the assets, the Court of Chancery always proceeded with due regard to all preferences and priorities obtained before the decree. Morris v. Bank of England, Cases Temp. Talbot, 218; 4 Br. P. C. 287.
Two points of difference will be sufficient to show the total irrelevancy of this doctrine to the case before the Court. 1st. The Court of Chancery never interfered to prevent proceedings at law, until after its own decree was pronounced. 1 Sch. & Lef. 296. And 2d. It never interfered at all upon the application of an executor or administrator, but only at the suit of a creditor. Rush v. Higgs, 4 Ves. 638; Thompson v. Brown, 4 Johns. Ch. Rep. 644. Moreover, there can be no necessity for such bill, whén the estate is solvent; and our statute has provided a more expeditious and less expensive remedy in cases, of insolvency.
The order of the Court below refusing to dissolve the injunction, will be reversed, the injunction dissolved, and the cause remanded.